UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

WALTER DENT, JR.,

    Defendant (2).

Case No. 18-cv-20483

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#172]**

### I. INTRODUCTION

On March 7, 2019, Defendant Walter Dent, Jr. ("Defendant") pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1). ECF No. 98. Specifically, Defendant's Rule 11 Agreement states that Dent knowingly defrauded financial institutions by depositing five fraudulent checks and unlawfully withdrawing those funds from Flagstar Bank accounts. *Id.* at PageID.314. On July 22, 2019, Defendant was sentenced to 36 months imprisonment. ECF No. 129, PageID.568.

Presently before the Court is the Defendant's Motion to Reduce Sentence, which the Court construed as a Motion for Compassionate Release. ECF No. 146. Following this Court's Order on May 29, 2020, Defendant's counsel submitted a

supplemental brief. ECF No. 172. The Government filed a Response on July 27, 2020. ECF No. 177. Defendant did not file a Reply. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons that follow, the Court will **DENY** the Defendant's Motion [#172].

## II. FACTUAL BACKGROUND

Defendant Walter Dent, Jr. was sentenced on July 22, 2019 to serve 36 months in custody. *See* ECF No. 129. Defendant pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1). ECF No. 98. According to his Rule 11 Agreement, Dent and co-defendants "knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under custody and control of financial institutions." *Id.* at PageID.314. This conduct occurred from about October 6, 2017 to July 17, 2018. *Id.* Specifically, Defendant deposited five checks into Flagstar Bank accounts on at least four separate occasions. *Id.* at PageID.314-315. Defendant knew that the five checks were "fraudulently obtained, fraudulently written, and fraudulently deposited" with the intent to deceive the targeted financial institution. *Id.* at PageID.315.

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of COVID-19. ECF Nos. 146, 172. Defendant is twenty-five years old and is serving his sentence at the Federal Correctional Institute in Milan, Michigan. Both parties state that Dent is set to be released on November 24, 2020. ECF No. 172, PageID.943; ECF No. 177, PageID.1080.

In his instant Motion, Defendant argues that his medical history of a trauma-induced pneumothorax, also known as a collapsed lung, amounts to a compelling and extraordinary circumstance warranting his early release. ECF No. 172, PageID.934-935. Further, Defendant notes that the precautions taken at FCI Milan are insufficient to curb the spread of COVID-19 infection. *Id.* at PageID.938; ECF No. 146, PageID.726-727. He therefore requests that the Court grant him early release from his sentence.

### III. ANALYSIS

**A. Standard of Review**

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release. As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

3

>the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, a court must address two key questions. The first is whether a defendant has first exhausted all administrative remedies with the BOP. The second is whether, after considering "extraordinary and compelling reasons," as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), warrant a sentence reduction.

Moreover, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). U.S. Sentencing Guidelines Manual § 1B1.13 is the "applicable policy statement" which this Court must comply with. This section explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). Further, a defendant must fit within at least one of four categories of "extraordinary and compelling reasons." Application Note 1 to U.S.S.G. § 1B1.13 provides, in relevant parts, when extraordinary and compelling reasons exist:

>(A) Medical Condition of the Defendant
>
>>(ii) The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or

>cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>…
>
>(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Here, Defendant asserts that his trauma-induced pneumothorax from 2019, combined with his continued incarceration during the COVID-19 pandemic, place him at an elevated risk of serious complications if he were to contract COVID-19. ECF No. 172, PageID.934.

**B. Exhaustion**

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that while the administrative exhaustion requirements under § 3582(c)(1)(A) are not jurisdictional, they are mandatory.

*United States v. Alam*, 960 F.3d 831, 2020 U.S. App. LEXIS 17321 (6th Cir. 2020). In *Alam*, the Sixth Circuit rejected defendant's argument that the "unprecedented" nature of the COVID-19 pandemic should serve as an exception to the statute's exhaustion requirement. *Id.* at *11 (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, the Government states that exhaustion is not an issue in this case. ECF No. 177, PageID.1086. Indeed, Defendant petitioned the warden for consideration for compassionate release in June 2020. ECF No. 172, PageID.939. The warden denied that request shortly thereafter, finding that Dent did not meet the eligibility criteria. *Id.* Accordingly, Defendant has exhausted his administrative remedies with the BOP.

### C. Extraordinary and Compelling Reasons

As discussed *supra*, for a court to grant compassionate release, a defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). The Sentencing Commission has provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. § 1B1.13. These reasons are classified in four categories: (1) the defendant's medical condition; (2) the

defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements. *Id.* at cmt. n.1(A)-(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release from FCI Milan. Dent's medical records indicate that he suffered from a collapsed lung around October 11, 2019 after "an inmate ran into his chest while playing basketball." ECF No. 173-1, PageID.979. Two weeks after the initial incident, Dent was diagnosed with "a large left pneumothorax" and was sent to the hospital. *Id.* at PageID.976. Defendant spent about a week in the hospital and returned to FCI Milan without issue. *Id.* at PageID.970. The most recent medical record he provided to the Court is from October 31, 2019 and states that Defendant denied any pain on that date and was complying with the hospital's discharge care instructions. *Id.* at PageID.968.

The Government acknowledges Defendant's 2019 injury, but notes that it "has not been able to identify any information from the CDC or other medical database to indicate that individuals who have experienced a pneumothorax are at any greater risk of disease contraction or heightened symptoms of COVID-19." ECF No. 177, PageID.1089. The existing medical literature appears to support the Government's contention. The CDC, for example, does not list a prior traumatic pneumothorax as an elevated risk factor for COVID-19 severity. *See People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention,

7

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated July 30, 2020).

Additionally, the National Heart, Lung, and Blood Institute ("NHLBI") does not indicate that traumatic pneumothorax makes an individual immunocompromised once the lung has re-expanded and the patient has recovered. *See Pleural Disorders*, National Heart, Lung, and Blood Institute, https://www.nhlbi.nih.gov/health-topics/pleural-disorders (last updated October 15, 2019). While the impact of the novel coronavirus is still widely unknown, the CDC, NHLBI, and American Lung Association have not determined that a past traumatic pneumothorax results in a heightened risk of contracting or suffering from COVID-19. Thus, the Court cannot conclude that Defendant's prior pneumothorax experience by itself is sufficient to meet the extraordinary and compelling standard under 18 U.S.C. § 3582(c)(1).

Defendant is also forty years younger than the CDC's classification of adults sixty-five years and older who are at higher risk of COVID-19 complications. Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19. *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL

8

1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three.").

In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling circumstances that warrant his early release.

### IV. CONCLUSION

For the reasons discussed herein, the Court will **DENY** Defendant's Motion for Compassionate Release [#172].

**IT IS SO ORDERED.**

        s/Gershwin A. Drain_____
        GERSHWIN A. DRAIN
        UNITED STATES DISTRICT JUDGE

Dated: August 17, 2020

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Walter Dent, Jr., No. 57012-039, Milan Federal Correctional Institution, 4004 East Arkona Road, Milan, Michigan 48160 on August 17, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager